# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| GEORGE A. SMIITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 1:22-cv-1084-STA-jay |
| ) | |
| U.S. GOVERNMENT, DEPARTMENT ) | |
| OF JUSTICE, a law enforcement agency with ) | |
| The U.S. Government; ) | |
| U.S. MARSHALS SERVICE, a law enforcement ) | |
| agency with the U.S. Government; ) | |
| BENTON COUNTY, SHERIFF KENNY ) | |
| CHRISTOPHER, DEPUTIES, a law ) | |
| enforcement agency of Benton County, ) | |
| Tennessee; HENRY COUNTY, ) | |
| SHERIFF JOSH FRYE, DEPUTIES, a law ) | |
| Enforcement agency of HENRY COUNTY, ) | |
| TENNESSEE; STATE OF TENNESSEE, ) | |
| DIRECTOR AND AGENTS OF TENNESSEE ) | |
| BUREAU OF INVESTIGATION, a law ) | |
| Enforcement agency of the State of Tennessee; ) | |
| ) | |
| Defendants. ) | |

## ORDER TO SHOW CAUSE

Plaintiff George A. Smith filed his original Complaint on May 3, 2022. The original Complaint named the U.S. Marshal Service; the Benton County Sheriff's Department; the Henry County Sheriff's Department; and the Tennessee Bureau of Investigation as Defendants. Compl. ¶¶ 4-7. Plaintiff prepared summons (ECF No. 1-2) and the Clerk of Court issued them (ECF Nos. 6, 8) as to the following parties: Benton County, Tennessee; the Benton County Sheriff's Department (through Sheriff Kenny Christopher); the Henry County Sheriff's Department (through Sheriff Josh Frey); the Tennessee Bureau of Investigation (through Special Agent

1

De'Greaun Reshun Frazier); and the U.S. Marshals Service (through Tyreece L. Miller). Plaintiff filed separate affidavits of service as to the Tennessee Bureau of Investigation; the Benton County Sheriff's Department; the Benton County Mayor; and the Henry County Sheriff's Department; all filed with the Court on June 9, 2022. Plaintiff filed an unexecuted return for the summons issued for the U.S. Marshals Service on August 16, 2022, then caused summons to re-issue as to the Marshals Service, and finally filed proof of service on the Marshals (ECF No. 39) on August 23, 2022.

On July 15, 2022, Plaintiff filed a motion to amend his pleadings. Plaintiff did so in response to a series of motions to dismiss filed by the Defendants, at least those who had been served at that point. The Court granted Plaintiff's request to amend on August 3, 2022, and Plaintiff filed his Amended Complaint (ECF No. 30) on August 12, 2022. The Amended Complaint contained most of the same factual allegations raised in the original Complaint but named in the pleadings' caption the following new parties as Defendants: the U.S. Government, Department of Justice; Benton County Sheriff Kenny Christopher and "Deputies;" Henry County Sheriff Josh Frye and "Deputies;" and the Director and Agents of the Tennessee Bureau of Investigation. In the body of the Amended Complaint, Plaintiff specified that he was naming Benton County Sheriff's Deputy Jason Lowry (Am. Compl. ¶ 3), unknown members of the Henry County SWAT team (*id.* ¶ 4), and TBI Agents Bryant Allen and Joe Hudgins (*id.* ¶ 5) as Defendants.[1]

---

[1] Plaintiff and the United States of America have filed a Stipulation of Dismissal (ECF No. 69), agreeing to the dismissal of Plaintiff's claims against the Marshals Service and the Department of Justice.

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve summons with a copy of a complaint on each defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(c)(1); *Jackson v. Herrington*, 393 F. App'x 348, 353 (6th Cir. 2010) ("Rule 4 requires plaintiffs to serve each defendant with a summons and a copy of the complaint."). Rule 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against the defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Dismissal is mandatory unless the plaintiff shows good cause for the failure to serve; if he does, then the Court must extend the time for service. *Id*. "Establishing good cause is the responsibility of the [plaintiff] and necessitates a demonstration of why service was not made within the time constraints." *Garner v. City of Memphis*, 576 F. App'x 460, 463 (6th Cir. 2014) (quoting *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514, 521 (6th Cir. 2006)). "Inadvertent failure or half-hearted efforts to serve" do not satisfy the good-cause standard. *Id*. (quoting *Friedman v. Estate of Presser,* 929 F.2d 1151, 1157 (6th Cir.1991)).

Plaintiff has not served all of the Defendants named in the Amended Complaint, and the time to do so has now expired. Plaintiff filed his Amended Complaint on August 12, 2022. Plaintiff had until November 10, 2022, to serve each Defendant with summons and a copy of the Amended Complaint. However, Plaintiff apparently took no further action to have summons issued and at no time requested an extension of the deadline for service. *Nafziger*, 467 F.3d at 522 ("The plaintiffs' counsel should have taken the simple step of requesting an extension of time from the court if his [personal circumstances] had truly affected his ability to serve process. After all, as the past procedural history of this case makes clear, he certainly knew how to request more

3

time.").[2]

Under the circumstances, Plaintiff is ordered to show cause as to why the Court should not dismiss his claims against Benton County Sheriff Kenny Christopher, Henry County Sheriff Josh Frey, Henry County Sheriff's Deputy Jason Lowry, and any and all other unnamed "Deputies" from each department for failure to serve them.  Plaintiff has the burden to show good cause as to <u>each Defendant</u> for his failure to have summons issued and serve them with summons and a copy of the complaint within 90 days of the filing of her Amended Complaint.  Failure to show good cause for the failure to serve any Defendant may result in the dismissal of the Amended Complaint's claims against that Defendant pursuant to Rule 4(m) without further notice. Plaintiff's response to this order is due on or before January 18, 2023.  Failure to respond by that date will be deemed good grounds to dismiss Plaintiff's case without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: January 3, 2023

---

[2] Plaintiff also failed to cause summons to issue as to the Director and Agents of the TBI, including TBI Agents Bryant Allen and Joe Hudgins. Am. Compl. ¶ 7. The TBI Defendants filed a motion to dismiss the Amended Complaint (ECF No. 39), and Plaintiff has conceded his claims against them.  *See* Pl.'s Resp. (ECF No. 67) (requesting dismissal of the TBI Defendants "as further investigation has revealed only peripheral involvement of these Defendants").